IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Arthur R. Bell, et al.,  Case No. 3:15CV1175

          Plaintiffs

      v.  **ORDER**

Management & Training Corp., et al.,

          Defendants

In its present shape before this court, this is a multi-plaintiff lawsuit by several current and former inmates at the North Central Correctional Complex (NCCC) at Marion, Ohio. A prison, NCCC is privately operated *via* a contract between the defendant Management and Training Corporation (MTC) and the Ohio Department of Rehabilitation and Correction (ODRC).

MTC Medical, LLC (MTCM) removed this case within thirty days of being joined, on motion of the plaintiffs, as a codefendant. Now pending is plaintiffs' motion to remand. (Doc. 18). I deny the motion for several reasons:

- Plaintiffs argue that removal was untimely because their second amended complaint, which the parties agree is the "operative complaint," was filed more than thirty days prior to removal.

This does not matter: MTCM was not joined as a party at the time plaintiffs filed their second amended complaint. It could not, therefore, have removed this case sooner than the period within which they, in fact, filed their notice of removal.

- Plaintiffs also claim that removal was premature, in that the parties had agreed that plaintiffs would file a third amended complaint, which had not occurred before MTCM filed its notice of removal.

The fact that the parties jointly may have anticipated that a third amended complaint would be filed does not affect the timeliness of the notice of removal. The clock was running once MTCM became a party; it could ill afford to wait to see what happened: it had to act on the basis of the case as it stood pled as of the date of its joinder. The possibility that some event beyond its control might re-trigger the time for filing a notice of removal did not, *ex ante*, toll the time within which it had to file the notice once it was in the case.

- Plaintiffs claim that I should decline to exercise supplemental jurisdiction over their state law claims for medical mistreatment. Those claims, they assert, are "in the forefront" of this case and override the Eighth Amendment claims that they include in their complaint *via* 42 U.S.C. § 1983.

The center of gravity of this case, whether it lies with the Eighth Amendment federal claims with the state law claims, does not matter. What matters is that plaintiffs advance their federal claims, and MTCM is entitled to remove to this court on the basis of those claims against it. For now, the state law claims follow along.

It cannot be gainsaid that, on their face, the state law claims have a clear nexus with the federal claims, especially with regard to many, if not most, of the underlying facts concerning plaintiffs' treatment at the hands of MTCM. It cannot now be said that the state law claims are so distinct and free-standing that they clearly don't belong in this lawsuit now that it is here in this court.

Now simply is not the time to assess whether I should or should not exercise supplemental jurisdiction. It is way too early to try to address and make a decision about that issue. A plaintiff who prevails on his constitutional claim may then well not care (or he might care) what happens to his state claim. The plaintiff who fails to prevail on his federal claim might well, at that point, prefer to have this court adjudicate his state law claim – or he might want me to send that claim back to the state court. At this point, there is no way of telling.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT: plaintiffs' motion to remand (Doc. 15) be, and the same hereby is denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge